OAKEY & HAWKINS *v.* THE SHERIFF et als.

*The Articles of the Code relative to payment with subrogation, do not apply to the case of an absolute transfer of a debt which includes its accessories, such as privileges and mortgages.*

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*Bowman & Delee*, for plaintiffs.   *W. F. Kernon*, for defendants and appellants.   *T. Hardesty*, for intervenor.

SPOFFORD, J.   This is an injunction sued out to restrain the Sheriff from paying over to one *Gurney*, as seizing creditor, the proceeds of the sale of certain lands belonging to *McElwee*, upon which the plaintiffs claimed a superior privilege by reason of a prior judicial mortgage, which had been transferred to them.

They had judgment in their favor and *Gurney*, who is the real defendant, has appealed.

. He contends that the injunction was too late, because the twelve months bond, representing the proceeds of *McElwee's* land, had been delivered to him.

But he has precluded himself from relying upon such a defence by the terms of his receipt for the money from *Kilbourne*, the obligor in the twelve months bond. He received it " as though the same had been paid to the Sheriff upon execution issued upon said twelve months bond."

It is not pretended by *Gurney* that the judicial mortgage created by the registry of the judgment of *Hardee & Sandal* against *McElwee*, since assigned to the plaintiffs, did not overreach his own claim upon the proceeds of the land.   But he contends that said judgment was extinguished by payment, and that the plaintiffs, *Oakey & Hawkins*, have no interest in it.

But it does not appear that this judgment was ever satisfied.   The judgment creditors, on the 21st of February, 1856, in consideration of a promised acceptance of *Oakey & Hawkins*, payable 10th Jan. 1857, for the balance due thereon, *transferred* the judgment to said *Oakey & Hawkins*.   They, upon accepting said draft, March 7th, 1856, became assignees and holders of the judgment, which could only be satisfied by *McElwee* paying them its full amount.   He has never paid them.   The clause about " subrogation" in the transfer, may be disregarded as surplusage.   The *transfer* of a debt includes its accessories, such as privileges, mortgages, &c.   C. C. 2615.

The Articles of the Code relative to payment with subrogation, do not apply to this case.

When *Oakey & Hawkins* sued out their injunction, they were the lawful holders and owners of the judgment of *Hardee & Sandal* against *McElwee*, which has never been satisfied.

Their acceptance has since been paid by one *Mills*, a stranger to *McElwee*, so far as appears.   *Mills* has a claim upon *Oakey & Hawkins* for money thus advanced for a debt of theirs.   But *Oakey & Hawkins*, never having transferred it, still own the *Hardee & Sandal* judgment, which *McElwee* has never paid, and which was never extinguished.

A third opposition would have been a more prompt and proper remedy, but we are not prepared to say that the injunction is not a concurrent remedy.

Judgment affirmed.